UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES EDWIN KING,<br>      Defendant. | Criminal Action No. 18-318 (JDB) |

## ORDER

Defendant James Edwin King is currently serving a 132-month sentence of incarceration arising from a multi-year conspiracy in which King used his position at the Department of Veterans Affairs to steer veterans to deficient educational institutions in exchange for financial benefits from the operators of those schools. See Judgment [ECF No. 19] at 1–3; Mem. Op., Feb. 25, 2022 [ECF No. 60] ("Feb. 25 Mem. Op.") at 2. On February 18, 2020, King filed a three-sentence-long motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the ground that he had received ineffective assistance of counsel. See Mot. to Vacate, Set Aside, & Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 29] ("Def.'s Initial Pet."). In October 2021—twenty months after filing his initial petition and nineteen months after the expiration of the statutory limitations period—King filed an amended motion (styled as a supplement) elaborating on his earlier petition. See generally Suppl. in Supp. of Def.'s Initial Pet. [ECF No. 52] ("Def.'s Suppl."). On February 25, 2022, this Court dismissed King's supplement as untimely and denied his § 2255 petition. Order [ECF No. 59]. The Court held that the supplement did not relate back to the initial petition under Federal Rule of Civil Procedure 15(c)(1)(B), see Feb. 25 Mem. Op. at 6–12, and the Court further concluded that equitable tolling of the statute of limitations was not warranted, see id. at 12–19.

1

King appealed the Court's decision on March 23, 2022.  Notice of Appeal [ECF No. 62]. However, "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  The Federal Rules Governing § 2255 Proceedings ("Habeas Rules") require that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," Habeas Rule 11(a), and the D.C. Circuit has held that only after the district court has done so may the court of appeals act, see United States v. Mitchell, 216 F.3d 1126, 1129–30 (D.C. Cir. 2000); see also Habeas Rule 11(a) ("If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."); Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it.").  Accordingly, the Court of Appeals ordered King's appeal to be held in abeyance pending a decision from this Court regarding a certificate of appealability.  See Order of USCA, Apr. 1, 2022 [ECF No. 64].  For the reasons set forth below, the Court will not issue a certificate of appealability in this case.

By statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  And when a district court denies a defendant's petition on procedural grounds, as here, the Supreme Court has held that a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Thus, the inquiry is two-fold: the petitioner must show the debatability of both the merits of his constitutional claim and the correctness of the district court's procedural ruling.  Id.; accord, e.g., United States v.

Arrington, 763 F.3d 17, 23 (D.C. Cir. 2014).  King is unable to meet this bar: although neither his timeliness arguments nor his claim of ineffective assistance were frivolous, the Court remains convinced beyond the point of "debatability" that his supplement was untimely and thus that his motion was properly denied.

First, the Court does not believe that "jurists of reason would find it debatable" whether King's supplement was timely, either by operation of relation back or equitable tolling.  As the Court explained in its prior Memorandum Opinion, King's argument for relation back "relie[d] on an impermissibly broad understanding of the relevant 'conduct, transaction, or occurrence.'"  Feb. 25 Mem. Op. at 9.  King's initial motion alleged that his "counsel was ineffective in failing to investigate the facts of the case," id. at 7 (quoting Def.'s Initial Pet.), which King himself construed as potentially encompassing failures to investigate at any time during the proceeding, see Pet'r's Reply to Gov't's Opp'n to Def.'s Initial Pet. & Suppl. [ECF No. 58] ("Def.'s Reply") at 2.  King's supplement, on the other hand, relied on counsel's "fail[ure] to investigate King's 'history and characteristics' and subsequently present such information to the Court in order to mitigate King's sentence." Def.'s Suppl. at 11.  In order for these two claims to "ar[i]se out of" the same "conduct, transaction, or occurrence" as required by Federal Rule of Civil Procedure 15(c)(1)(B), then, the relevant "occurrence" must be King's entire prosecution.  And the Supreme Court has explicitly rejected that exact proposition.  See Mayle v. Felix, 545 U.S. 644, 664 (2005) (noting the Court's "rejection of [the petitioner's] translation of same 'conduct, transaction, or occurrence' to mean same 'trial, conviction, or sentence"); accord id. at 656–57; United States v. Hicks, 283 F.3d 380, 388 (D.C. Cir. 2002) (rejecting position that "the relevant 'occurrence' is the claimant's trial and sentencing").  Thus, the Court remains convinced that it was "obligated by binding precedent to reject" King's relation back argument.  Feb. 25 Mem. Op. at 9.  This conclusion, in the Court's view, is not susceptible to debate by jurists of reason.

The same is true with respect to the appropriateness of equitable tolling in this case. As the Court previously explained, King failed to satisfy either of the two requirements for equitable tolling: diligence and extraordinary circumstances. See, e.g., Young v. SEC, 956 F.3d 650, 655 (D.C. Cir. 2020). Rather than diligently pursuing § 2255 relief during the twenty months between his initial petition and supplement, King instead filed two motions seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Feb. 25 Mem. Op. at 13–14. Even more tellingly, King specifically directed his then-attorney not to file a § 2255 supplement by the Court's first deadline. Id. at 13 (citing Resp. to Ct. Order, Oct. 19, 2020 [ECF No. 39]). And as for King's argument that "any delays in filings should be excused by the rare and exceptional circumstances created by the COVID-19 pandemic," Def.'s Reply at 3 (internal quotation marks omitted), the Court concluded that, although the pandemic had undoubtedly complicated the preparation of his supplement, it could not explain the extent of the delay. Feb. 25 Mem. Op. at 14–17. Instead, the supplement's extreme untimeliness was more attributable to King's decision to focus on compassionate release and to counsel's decision to await an expert evaluation (which he did not request until March 2021). Id. at 15–17. The Court stands by these conclusions, and, especially in light of the caselaw analyzed in the Court's opinion, see id. at 17–18, it does not believe King's entitlement to equitable tolling in this case is "debatable."

Finally, even if the Court's timeliness rulings were debatable, the Court would still deny a certificate of appealability on the ground that King has not shown that reasonable judges "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack, 529 U.S. at 484. The Court has already noted its "grave doubts about [King's] likelihood of success" on his ineffective assistance claim, Feb. 25 Mem. Op. at 19 n.19, and those doubts persist. To prevail, King would need to show that there is "a substantial, not just conceivable, likelihood," Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (internal quotation marks and citation

omitted), that this Court would have imposed a lighter sentence had sentencing counsel conducted a more thorough investigation and presented reasons for leniency in addition to those he did raise at sentencing and in his sentencing memorandum, see, e.g., Sent. Tr. [ECF No. 31] at 48:16–49:8; Def.'s Sent. Mem. [ECF No. 11] at 5–8.  This is a tenuous chain of inferences in even the best of cases, and given that the Court varied downward by a full three years in sentencing Mr. King in the first place, see, e.g., Statement of Reasons [ECF No. 20] at 2–3; Sent. Tr. at 59:8–60:25, the Court is highly skeptical that the additional arguments identified in the supplement—context regarding King's dishonorable discharge from the Army, information regarding his son's struggles with mental health, and evidence of King's financial stressors, see Def.'s Suppl. at 15—would have led the Court to vary downward even further.  The Court concludes, therefore, that neither the merits of King's constitutional claim nor the Court's procedural decision are so debatable as to warrant the issuance of a certificate of appealability in this case.

Accordingly, upon consideration of the entire record herein, and for the reasons set forth above, it is hereby

**ORDERED** that a certificate of appealability with respect to [59] this Court's Order dismissing defendant's supplement as untimely and denying his § 2255 motion is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: April 20, 2022