UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES EDWIN KING,<br><br>Defendant. | Criminal Action No. 18-318 (JDB) |

### MEMORANDUM OPINION & ORDER

James Edwin King moves this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He bases his motion on an amendment to the Sentencing Guidelines that reduces guideline sentences for defendants with zero criminal history points who meet certain other criteria, including that they did not receive an "aggravating role" sentencing adjustment. See U.S.S.G. § 4C1.1(a)(1), (10). King received such an adjustment. Accordingly, the Court denies his motion.

For approximately two and a half years beginning in August 2015, King used his position as a Vocational Rehabilitation and Employment counselor with the U.S. Department of Veterans Affairs ("VA") to steer veterans to deficient educational institutions in exchange for financial benefits from the operators of those schools. See generally Statement of Offense [ECF No. 7]; see Mem. Op. & Order [ECF No. 87] at 1–2; United States v. King, Crim. A. No. 18-318 (JDB), 2021 WL 880029, at *5 (D.D.C. Mar. 9, 2021). King pleaded guilty to three felonies stemming from this conduct: honest services and wire fraud, 18 U.S.C. §§ 1343 and 1346; bribery of a public official, 18 U.S.C. § 201(b)(2); and falsification of documents, 18 U.S.C. § 1519. King, 2021 WL 880029, at *5.

1

At sentencing, the Court explained that King was "the center" of the unlawful scheme and that the rest of the scheme "emanated from" him.  Sentencing Tr. [ECF No. 31] at 24:5–15; see also id. at 55:21–22 (commenting that the scheme was "initiated and . . . orchestrated by" King).  The Court accordingly concluded that King was "an organizer or leader of criminal activity" and applied a four-level "aggravating role" adjustment to King's offense level under U.S.S.G. § 3B1.1(a).  Id. at 23:5–25:3.  Accounting for other adjustments, King's offense level cashed out at 35.  See id. at 26:7.  Paired with his criminal history category of I—which resulted from his lack of criminal history points—the guidelines calculation produced a range of 168 to 210 months, below which the Court varied to impose a sentence of 132 months.  Id. at 26:8–16, 59:12–60:25.

United States Sentencing Guideline Section 4C1.1, known as "Amendment 821," took effect in November 2023 and became retroactive in February 2024.  See United States v. Akuazaoku, Crim. A. No. 16-90 (TSC), 2024 WL 4932065, at *1 (D.D.C. Dec. 2, 2024).  The new guideline decreases the total offense level of a defendant who does not have any criminal history points and meets "all of" certain enumerated criteria.  U.S.S.G. § 4C1.1(a).

King moved this Court pro se for a sentence reduction pursuant to Amendment 821, noting that he had zero criminal history points when he was sentenced and asserting that his amended guidelines range, accounting for Amendment 821, would be 135–168 months.[1]  See Mot. for a Reduction in Sentence [ECF No. 88] ("Mot.") at 1–2.  The motion comes under 18 U.S.C. § 3582(c)(2), which permits a defendant to move for a reduction in his sentence if he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

---

[1] King's sentence of 132 months falls below even this amended guidelines range.  King's ineligibility for a § 4C1.1 adjustment makes this additional dimension unnecessary to explore, but the guidelines' instruction that any new sentence imposed under 18 U.S.C. § 3582(c)(2) shall not be "less than the minimum of the amended guideline range" would likely prohibit a decrease in King's sentence regardless.  See U.S.S.G. § 1B1.10(b)(2)(A); Dillon v. United States, 560 U.S. 817, 827 (2010).

2

Evaluating such a motion involves two steps. See United States v. Wyche, 741 F.3d 1284, 1292 (D.C. Cir. 2014). First, the Court determines whether the defendant is eligible for a reduced sentence and, if so, calculates the amended guidelines range. Dillon v. United States, 560 U.S. 817, 826–27 (2010). If the defendant clears the first hurdle, the Court considers the 18 U.S.C. § 3553(a) sentencing factors to "determine whether, in its discretion," a reduction is warranted. Id. at 827.

As the government argues, King falters at the first step. See U.S.'s Opp'n to Mot. [ECF No. 92] ("Opp'n") at 1. Section 4C1.1(a)(10) makes Amendment 821 unavailable to a defendant who "receive[d] an adjustment under § 3B1.1 (Aggravating Role)." King received that adjustment. See Sentencing Tr. at 23:5–25:3. He is therefore ineligible for the § 4C1.1 adjustment, meaning that his sentencing range has not "been lowered by the Sentencing Commission" as required at the first step. See § 3582(c)(2).

King's retort picks up on a possible ambiguity in the original version of § 4C1.1, no longer in effect. See Def.'s Reply [ECF No. 93] at 1–2. Recall that § 4C1.1(a) requires a defendant to meet "all of" its criteria. As originally adopted, one criterion was that the defendant "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise." U.S.S.G. § 4C1.1(a)(10) (2023). Like King, some defendants seeking the adjustment argued that § 4C1.1(a)(10) did not bar them from eligibility unless they checked both boxes in that subsection. That is, they sought to remain eligible if they received an aggravating role adjustment or engaged in a continuing criminal enterprise, and conceded ineligibility only if they had done both. See, e.g., United States v. Morales, 122 F.4th 590, 593 (5th Cir. 2024). Although not frivolous—the argument picked up on the Supreme Court's observation in Pulsifer v. United States that the meaning of "and" is "context-dependent," see 601 U.S. 124, 149 (2024)—

3

"every court to . . . consider[] the question" disagreed and held instead that <u>either</u> an aggravating role adjustment <u>or</u> engagement in a continuing criminal enterprise was disqualifying. <u>United States v. Milchin</u>, 128 F.4th 199, 203 (3d Cir. 2025); accord <u>Morales</u>, 122 F.4th at 593; <u>United States v. Cervantes</u>, 109 F.4th 944, 946 (7th Cir. 2024); <u>United States v. Arroyo-Mata</u>, 730 F. Supp. 3d 1323, 1325 n.6 (N.D. Ga. 2024) (collecting district court cases).

Despite the unanimity, the Sentencing Commission stepped in to clarify matters. The Commission acknowledged "question[s]" about this exact issue and amended the provision to "clarify [its] intention that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions in the provision." 89 Fed. Reg. 36853, 36866 (May 3, 2024). It did so by "divid[ing] subsection (a)(10) into two separate provisions (subsections (a)(10) and (a)(11))." <u>Id.</u> As a result, as of November 1, 2024, the relevant part of the guideline instructs that a defendant is eligible if the defendant satisfies nine other criteria and

> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848.

U.S.S.G. § 4C1.1(10)–(11). The change was "technical, stylistic, and . . . non-substantive." 89 Fed. Reg. at 36866. That is, it merely clarified what had always been the case: an aggravating role adjustment <u>or</u> engagement in a continuing criminal enterprise precludes § 4C1.1 eligibility. <u>See Cervantes</u>, 109 F.4th at 947 (observing that the amendment "reaffirmed" the prevailing understanding "that an aggravating-role enhancement alone disqualifies a defendant" from the adjustment).

If there was any ambiguity to begin with, the amendment erased it. To be eligible for the § 4C1.1 adjustment, a defendant must "meet[] all of the . . . criteria" listed in § 4C1.1(a). One criterion—no longer paired with the continuing criminal enterprise criterion—is that "the

4

defendant did not receive an adjustment under § 3B1.1." § 4C1.1(a)(10). As all agree, King received such an adjustment. See Sentencing Tr. at 23:5–25:3; Opp'n at 3; Reply at 1. So King is ineligible. See United States v. Perez Cazares, Crim. A. No. 14-50 (RC), 2025 WL 315139, at *7 (D.D.C. Jan. 28, 2025) (defendant who met all other § 4C1.1 criteria but received an aggravating role adjustment was ineligible).[2]

Because King fails at the first step, there is no need to reconsider the § 3553(a) factors for the third time. See Milchin, 128 F.4th at 201 n.2; Mem. Op. & Order at 4–5 (noting that the Court has twice before reconsidered the § 3353(a) factors and declined to change King's sentence). King is categorically ineligible for an Amendment 821 sentence reduction. The Court therefore **DENIES** his motion.[3]

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: April 7, 2025

---

[2] Because the Commission's 2024 amendment was a clarifying rather than substantive amendment, it is likely today's version of the text that governs. See United States v. French, Crim. A. No. 12-160 (JAW), 2024 WL 4665596, at *4 (D. Me. Nov. 4, 2024). Of course, it is in the nature of a mere clarification that it makes no difference. Whether the Court assesses King's motion under Amendment 821's original text or its current text, the motion fails.

[3] King also asks the Court to appoint him counsel. See Mot. at 2. The Court denies this motion as well because the issue is straightforward and meritless. See United States v. Morales, Crim. A. No. 06-248 (JDB), 2021 WL 4622461, at *1 n.1 (D.D.C. Oct. 7, 2021). The Court appreciates and applauds King for the clear presentation of his case. Cf. United States v. Hinton, Crim. A. No. 20-122 (JDB), 2024 WL 3617480, at *3 n.4 (D.D.C. July 31, 2024) (appointed counsel less necessary where petitioner is able to "articulate his claims pro se in light of the complexity of the legal issues involved" (internal quotation marks omitted)).